UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERROL FALCON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6523** |
| **WARDEN TIGNER, JONESBORO CORRECTIONAL CENTER** | **SECTION "F"(4)** |

### REPORT AND RECOMMENDATION

The *pro se* plaintiff, Errol Falcon, Jr. ("Falcon"), is incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. The plaintiff initiated this lawsuit pursuant to 42 U.S.C. § 1983 against the defendants, Warden Tigner of the Jackson Parish Correctional Center (erroneously called "Jonesboro Correctional Center"), the Sheriff of Jackson Parish, Nurse Freeman, Lieutenant Ray, and other identified jail personnel.[1] The plaintiff alleges in the complaint that he was denied adequate medical care from the defendants for a leg injury he received while housed in the Jackson Parish Correctional Center.

**I.    Venue Provisions**

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

---

[1] The Court has instructed the Clerk of Court by separate order to file this complaint without prepayment of a filing fee. Ruling on the application for pauper status is deferred to the United States District Court for the Western District of Louisiana.

A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interest of justice. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).

## II.   Discussion

The plaintiff claims that his cause of action arose in and the defendants are employed at the Jackson Parish Correctional Center in Jonesboro, Louisiana, which falls within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). The plaintiff does not allege that the defendants reside or are located within this district. The interest of justice dictates that venue is proper in the Western District of Louisiana.

## III.   Recommendation

It is therefore **RECOMMENDED** that the instant matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 5th day of December, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.